RAPAPORT LAW FIRM, PLLC
Marc A. Rapaport
Meredith R. Miller
One Penn Plaza, Suite 2430
New York, NY 10119
Telephone: (212) 382-1600
mrapaport@rapaportlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     Case No.:
ALVIN VASQUEZ and RENE FERNANDEZ,
individually and on behalf of all others similarly
situated,

                                              Plaintiffs,     **CLASS ACTION COMPLAINT**

                       vs.

TLC TRANSPORTATION CORP. OF
WESTCHESTER a/k/a TLC
TRANSPORTATION CORP. and
CRISTOBALINA CARABALLO,

                                    Defendants.
-------------------------------------------------------------X

      Plaintiffs ALVIN VASQUEZ ("Vasquez") and RENE FERNANDEZ ("Fernandez") (collectively, the "Plaintiffs") individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, by and through their attorneys, RAPAPORT LAW FIRM, PLLC, as and for their Complaint against TLC TRANSPORTATION CORP. OF WESTCHESTER a/k/a TLC TRANSPORTATION CORP. ("TLC Transportation") and CRISTOBALINA CARABALLO ("Caraballo") (collectively, "Defendants"), allege as follows:

**PRELIMINARY STATEMENT**

**The Nature of Plaintiffs' Claims:**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the collective action provision of 29 U.S.C. § 216(b) to recover unpaid overtime wages, minimum wages, unlawful deductions, and other wages owed to Plaintiffs and similarly-situated bus drivers employed by Defendants during the applicable statute of limitations periods.

2. Plaintiffs also bring this action for themselves and on behalf of similarly situated current and former employees of Defendants pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

3. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without receiving applicable minimum wage or appropriate compensation for hours over 40 per week that they worked. Defendants' conduct extends beyond Plaintiffs to all other similarly situated employees.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1137 because this case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. §1367.

5. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because Defendants transact business and have agents in the Southern District and this is the judicial district in which the events giving rise to the claims occurred. Defendants have facilities and employed Plaintiffs and Class Members in this district.

6. This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301 in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

## THE PARTIES

**Plaintiffs**

*Vasquez:*

7. Vasquez is an adult, natural person who resides in the City, County and State of New York.

8. Beginning in or about April 2007 through on or about October 20, 2017, Vasquez worked a school bus driver for the Defendants, in which capacity he was responsible for transportation of children in Westchester County.

9. During his employment, Vesquez was entitled to be paid one-half times his regular rate of pay for all hours of work above the first forty hours worked each week. In practice, however, Defendants pervasively and willfully refused to pay Vesquez any remuneration at all for his overtime hours (let alone premium overtime compensation) and they issued paystubs to Vasquez that omitted the overtime hours that Vasquez reported to Defendants on his weekly time sheets.

*Fernandez:*

10. Fernandez is an adult, natural person who resides in the City of New York, County of Bronx and State of New York.

11. Commencing in or about 2004 until October 2017, Fernandez worked as a school bus driver for Defendants, in which capacity he transported children to and from school, extracurricular activities and other functions in Westchester County.

12. During his employment, Fernandez worked as many as fifty-seven hours per week. However, he was not paid proper overtime compensation. Among other violations of state and federal wage and hour laws, Defendants refused to remit overtime pay to Fernandez for the first (5) hours of overtime that Fernandez worked per week, and Defendants refused to permit Fernandez to submit timesheets.

**Defendants**

13. At all times hereinafter mentioned, TLC Transportation was and is a domestic corporation doing business in New York State.

14. Defendant Caraballo is the Chief Executive Officer of TLC Transportation.

15. TLC Transportation and Caraballo both maintain a principal office for the conduct of business at 390 Riverdale Avenue, Yonkers, New York. [Comment [A1]: ??]

16. Upon information and belief, Caraballo resides in the State of New York.

17. Upon information and belief, Caraballo exercises ultimate decision-making responsibility and operational control of TLC Transportation.

18. Upon information and belief, Caraballo determined TLC Transportation wage practices and procedures, including, *inter* alia, work schedules and the wages and compensation of Plaintiffs, and she had the authority to hire and fire employees. Upon information and belief, Caraballo is liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630 and New York Limited Liability Company Law § 609(c).

**CLASS ACTION ALLEGATIONS**

19. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

*FLSA Class:*

20. The FLSA Class refers to all persons who are, or have been, employed by Defendants as bus drivers (the "FLSA Collective Plaintiffs") from three (3) years prior to this action's filing through the date of the final disposition who elect to opt-in to this action.

21. This action claims that Defendants violated the wage and hour provisions of FLSA by depriving Plaintiffs, as well as others similarly situated to them, of their lawful wages. Upon information and belief, there are at least sixty-five similarly situated current and former bus drivers who worked for Defendants during the three-year period preceding the filing of this Complaint, who have been underpaid in violation of the FLSA and who would benefit from court-supervised notice of this lawsuit and the opportunity to join this lawsuit.

22. At all relevant times, Defendants are aware and have been aware of the requirements to pay Vasquez and Fernandez and FLSA Collective Plaintiffs at an amount equal to the rate of one and one-half times their regular rates of pay for all hours worked each workweek above forty, yet they purposely and willfully chose not to do so.

23. The FLSA Collective Plaintiffs are readily ascertainable, such information being in the possession and control of Defendants.

24. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, unpaid overtime, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

*The New York Class – Rule 23 Class Allegations:*

25. The New York Class refers to all persons who are, or have been, employed by Defendants as bus drivers on or after the date that is six years before the filing of the Complaint in this case and the date of final judgment in this matter as defined herein.

26. The Rule 23 Class Members ("New York Class") are readily ascertainable. The number and identity of the Rule 23 Class Members are determinable from the records of Defendants. The positions held, dates of employment, and nature and extent of overtime compensation owed and certain unlawful deductions from wages are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

27. The Defendants, their officers, and directors are excluded from the Classes, as well as all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

28. This action has been brought and may properly be maintained as a class/collective action under Fed.R.Civ.P. Rule 23 and 29 U.S.C. §216 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

    (a) <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Classes are so numerous that joinder of all members is impractical. Membership in the Plaintiffs Classes will be determined upon analysis of employee and payroll records, among other records maintained by Defendants.

    (b) <u>Commonality</u>: Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members,

thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under Fed.R.Civ.P. Rule 23(b)(3) and 29 U.S.C. §216(b). For example, the relief demanded (including, *inter alia*, the demand for injunctive and declaratory relief) affects the entire class. Upon information and belief, Defendants' policy and practice of unlawful deductions is applicable class-wide and involves common legal and factual issues.

(c) Typicality: The claims of Vasquez and Fernandez are typical of the claims of the Plaintiffs Classes. Vasquez and Fernandez and all members of the Plaintiffs Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein. Upon information and belief, all of the Rule 23 Class Members were subject to the same corporate practices of Defendants of failing to pay overtime compensation; unlawful wage deductions; violations of NYLL §195(3) by failing to issue accurate and complete wage statements to employees that correctly identified the name of the employer, address of employer, rates of pay or basis thereof, regular hourly rate, number of overtime hours worked; and violations of NYLL §195(1) by failing to provide to employees, upon hiring, a written notice in English and the employee's primary language setting forth the employee's rates of pay and basis thereof, the name of the employer, physical address of the employer's business, names used by the employer, and other legally-mandated disclosures.

(d) Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein.

Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

(e) <u>Adequacy of Representation</u>: Plaintiffs are adequate representatives of the Plaintiffs Classes, in that their claims are typical of those of the Plaintiffs Classes and they have the same interests in the litigation of this case as the Class Members. Fernandez and Vasquez are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in employment litigation of this nature. Upon information and belief, Fernandez and Vasquez are not subject to any individual defenses unique from those applicable to the Class.

29. Proceeding as a class action provides Rule 23 Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while reducing risks of retaliation.

**COMMON FACTUAL ALLEGATIONS**

30. As described herein, Defendants have, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for wages, including overtime wages due, under the FLSA (29 U.S.C. §§ 206 and 207) and NYLL (Article 19), and unlawfully deducted sums from wages in violation of the New York Wage Payment Act, Labor Law § 190, et seq., the New York Labor Law § 650, et seq., and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. Among other means, Defendants engaged in unlawful business practices by requiring employees to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation.

In addition, Defendants took unlawful deductions from the wages of Plaintiffs and members of the putative FLSA and R. 23 classes by requiring them to pay the cost of mandatory cellular telephones, which are essential "tools of the trade" for Defendants' employees who operate buses.

31. Upon information and belief, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the employees are employed in an enterprise engaged in commerce within the meaning of section (3)(s)(1)(A) of the FLSA.

33. At all relevant times, TLC Transportation was, and it continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

34. Consistent with their policies and patterns or practices, Defendants harmed Plaintiffs individually, as set forth below.

*Defendants' Wage and Hour Violations*

**ALVIN VASQUEZ**

35. At all relevant times, Vasquez regularly worked in excess of forty hours per week without being paid overtime compensation.

36. Until early 2016, Vasquez was assigned to handle bus routes that often involved work schedules during the school year (September to June) of approximately forty-three hours per week and regularly in excess thereof.

37. Vasquez submitted time sheets in which he recorded his overtime hours; however, Defendants regularly and without any justification issued paychecks that compensated Vasquez for only a portion of the hours that Vasquez actually worked and which he reported to Defendants.

38. For example purposes only, Vasquez' timesheet for the workweek beginning September 21, 2013 to September 27, 2013 shows that Vasquez worked 42.5 hours during this workweek. However, the paystub that Defendants issued to Vasquez for this pay period shows that Defendants unlawfully and incorrectly compensated Vasquez for only 40 hours of work by inserting only 40 hours (rather than 42.5 hours) in the paystub as his hours worked.

39. Defendants' practice of unlawfully and unjustifiably cutting time from bus drivers' timesheets was pervasive and extended to most, if not all, of the Defendants' bus drivers.

40. Defendants obfuscated their failure to pay for all hours worked per week, as well as their failure to pay for overtime hours at 1½ times Vasquez' regular rate of pay, by omitting such time from Vasquez' paystubs. Instead, Defendants would issue separate papers that only recorded amounts, with no description of the hours worked. The amount of these separate payments did not compensate Vasquez for all of the hours that he worked, and they further provided compensation solely at the regular (rather than premium overtime) rate of pay.

41. Defendants' practice of cutting hours from timesheets was pervasive and applicable to most, if not all, bus drivers.

42. In addition, in between driving his bus routes, Vasquez (together with approximately three other drivers) was assigned to remain on-call to handle emergent transportation requests that would be conveyed to Defendants by various schools. For example, in instances involving children who experience illness or are dismissed from school

early for other reasons during the school day, Vasquez and other on-call drivers were dispatched to pick up the children during late morning and afternoon in between their normal routes.

44. Beginning in or about January 2016, Defendants assigned additional bus routes to Vasquez, which significantly increased the number of hours that he worked per week during the school year.

43. However, Vasquez and other on-call bus drivers were not permitted to report the time that they spent being on-call at Defendants' headquarters in Yonkers, New York. As a result, the amount of overtime that Vasquez worked was far in excess of the amounts that he was allowed to report on his timesheets.

44. Beginning in or about January 2016, Defendants assigned additional bus routes to Vasquez, which significantly increased the number of hours that he worked per week during the school year.

45. From in or about January 2016, continuing until Vasquez' cessation of employment on October 20, 2017, Vasquez' regular bus routes often entailed workweeks that exceeded fifty-four hours of work per week during the school year.

46. During this period, Defendants continued to pay Vasquez for only a portion of the overtime hours that he actually worked and reported. In addition, Defendants also continued their practice of: (a) generally failing to record overtime hours on paystubs; (b) issuing these partial overtime payments by separate checks with stubs that made no reference to the number of hours of overtime; and (c) through these practices, concealing the fact that they were only paying for some of the overtime hours, and that the amount of pay was at the regular – rather than premium overtime – hourly rate of pay.

47. Defendants unlawfully required Vasquez and all other bus drivers to pay for their own "tools of the trade" which included cell phones.

**FERNANDEZ**

48. Fernandez worked as a bus driver for Defendants from approximately 2004 until October 27, 2017.

11

49. During the school year, Fernandez' job responsibilities typically involved workdays that began at approximately 6:00 a.m. Fernandez would ultimately leave from work at 6:30 p.m.

50. Defendants refused to allow Fernandez to submit timesheets.

51. Defendants would only occasionally pay for any overtime hours. These payments constituted only a small fraction of the amount of overtime compensation that Fernandez was entitled to be paid, largely because: (a) Defendants did not base their calculations on the amount of hours that Fernandez actually worked and, instead, Defendants estimated overtime based solely on their estimates of the amount of time per bus route; and (b) in any event, Defendants paid no overtime at all for the first five hours of overtime that Fernandez worked per week.

52. Throughout his employment with Defendants, Fernandez' typical workweeks during the school year involved forty-five hours of work per week, and as much as fifty-seven hours of work per week.

53. Fernandez was required to supply and pay for his own tools of the trade, particularly a cellular telephone.

## AS AND FOR A FIRST CAUSE OF ACTION
### FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.*
### (FLSA Class)

54. Plaintiffs incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55. At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed members of the FLSA Class as bus drivers, employment positions which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all

times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

56. Plaintiffs are informed and believe, and thereon allege, that Defendants have required, or require, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

57. Plaintiffs and members of the putative FLSA Class routinely worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

58. Plaintiffs propose to undertake appropriate proceedings to have such putative FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to join with the Court.

59. Defendants' violations of the FLSA's overtime provisions were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

60. As a result of the foregoing, Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those putative FLSA Class Members similarly situated who file written consents to join in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as

liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (New York Class)

61. Plaintiffs, for themselves and on behalf of the FLSA Class and New York Class, repeat, re-allege and incorporate by reference the prior allegations of this Complaint as if fully alleged herein.

62. Defendants, in violation of N.Y. Lab. Law §§ 190 and 650 et seq., and supporting regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half the regular rate of pay for each hour worked in excess of forty hours in a workweek.

63. As a result of Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per workweek, Plaintiffs are entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

64. All members of the putative New York Class are similarly entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### Illegal Deductions, New York Labor Law, Article 19 § 193
### 12 N.Y.C.R.R. § 2.10(a).
### (New York Class)

65. Plaintiffs incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66. In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiffs, including, *inter alia*, deductions by requiring superintendents to spend their own money on work-related expenses, which further reduced

14

wages below the required minimum wage, including but not limited to, tools of the trade to complete mandated work.

67.     As a result of the foregoing, Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of putative New York Class Members similarly situated for reimbursement of unlawful deductions, as well as liquidated damages, and interest, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements
### (New York Class)

68.     Plaintiffs, on behalf of themselves and the New York Class members, repeat and re-allege and incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69.     The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

70.     Defendants willfully failed to provide Plaintiffs and the New York Class with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

71.     Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices**
**(New York Class)**

72. Plaintiffs, for themselves and on behalf of the FLSA Class and New York Class, repeats, re-allege and incorporate by reference the prior allegations of this Complaint as if fully alleged herein.

73. The NYLL and WTPA, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 141, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

74. From its enactment on April 9, 2011, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (later amended to be distributed "upon hiring" and not annually) and to provide to employees, a written notice setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other mandated disclosures.

75. In violation of NYLL § 191, Defendants failed to furnish Plaintiffs, at the time of hiring (and annually for those years prior to the amendment) or whenever there was a change to their rate of pay, with wage notices containing the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law; in violation of the NYLL § 195(1).

76. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and New York Class Members are entitled to recover from Defendants liquidated damages: (a) for the time period commencing six years before the filing of this Complaint, through February 27, 2015, the sum $50 per work week, up to $2,500; and (b) from February 27, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

### AS AND FOR A SIXTH CAUSE OF ACTION
**Declaratory Judgment**
**(FLSA Class and New York Class)**

77. Plaintiffs, for themselves and on behalf of the FLSA Class and New York Class, repeat, re-allege and incorporate by reference the prior allegations of this Complaint as if fully alleged herein.

78. This action provides a ripe and justiciable case or controversy.

79. It is just and equitable that the Court declares the rights and other legal relationships of the parties.

80. Plaintiffs, the FLSA Class and New York Class are entitled a declaration that Defendants acts are in violation of the FLSA and NYLL.

### RELIEF SOUGHT

**WHEREFORE,** the Plaintiffs, ALVIN VASQUEZ and RENE FERNANDEZ, on behalf of themselves and the FLSA Class and the New York Class, respectfully request that the Court grant the following relief:

1. Designation of this action as a collective action on behalf of the FLSA Class members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to

Sue pursuant to 28 U.S.C. § 216(b) and appointing Plaintiffs and his counsel to represent the FLSA Class Members;

2. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the New York Class members and appointing Plaintiffs and their counsel to represent the class;

3. An order tolling the statute of limitations;

4. That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA as to Plaintiffs, the FLSA Class and the New York Class;

5. That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay overtime compensation as required under the FLSA and NYLL;

6. That the Court declare, adjudge and decree that Plaintiffs Fernandez and Vasquez and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid (a) overtime for work beyond 40 hours in a week; and (b) remuneration for unlawful deductions; and that the amounts to which Plaintiffs, the FLSA Class and the New York Class are entitled is to be doubled as liquidated damages and awarded thereto;

7. That the Court make an award to Plaintiffs, the FLSA Class and the New York Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

8. That the Court make an award to Plaintiffs and the New York Class of reimbursement for all unlawful deductions;

9. For all other Orders, findings and determinations identified and sought in this Complaint;

10. For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate, under the NYLL and CPLR;

11. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law;

12. Declaring that Defendants violated the notice and record-keeping provisions of NYLL and WTPA;

13. An award of statutory damages for Defendants' failure to provide accurate wage statements pursuant to NYLL § 198(1-d);

14. An award of statutory damages for Defendants' failure to provide proper and/or accurate wage notices pursuant to NYLL § 198(1-b);

15. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL; and

16. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: November 18, 2017          **RAPAPORT LAW FIRM, PLLC**

By:            /s/
_____
Marc A. Rapaport, Esq.
Meredith R. Miller, Esq.
*Attorneys for Plaintiffs*
 *Alvin Vasquez and*
 *Rene Fernandez*
*and the Plaintiff Classes*
One Penn Plaza
250 West 34th Street, Suite 2430
New York, NY 10119
Ph: (212) 382-1600