## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between Alvin Vasquez, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Vasquez"), and Rene Fernandez, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Fernandez") (Vasquez and Fernandez shall collectively be referred to as "Plaintiffs"), on the one hand, and TLC Transportation Corp. of Westchester (hereinafter "TLC") and Cristobalina Caraballo, on the other hand.

**WHEREAS**, on or about November 20, 2017, Plaintiffs commenced an action against Defendants TLC and Cristobalina Caraballo (collectively referred to as "Defendants") in the United States District Court for the Southern District of New York, where it was assigned Civil Action Case Number 17 CV 9033, alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime compensation (the "Action");

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiffs and a Court has not made any findings with respect to the merits of Plaintiffs' claims;

**WHEREAS**, Defendants and the Plaintiffs (collectively referred to as the "Parties") desire to resolve and settle all matters and potential matters arising out of or attributable to any and all claims between them in this Action in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. The Parties acknowledge that the statement and "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**: As full settlement and final satisfaction of any and all claims that Plaintiffs had, have, or may have against the Defendants, including but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiffs set forth in Paragraph 5, TLC shall pay or cause to be paid to Plaintiffs the total sum of FIFTY-FIVE THOUSAND DOLLARS AND NO CENTS ($55,000.00) (hereinafter, the "Settlement Amount"), payable as follows:

    (a) Within thirty (30) days of the Parties' execution of this Agreement, or within seven (7) days of the Effective Date (defined in Paragraph 26 below), whichever is later, TLC shall issue and deliver a check made payable to "Alvin Vasquez" in the amount of Three Thousand Three Hundred Fifty Dollars and Zero Cents ($3,350.00), as and for purported lost wages, from which estimated deductions will be made for taxes and other withholdings, which shall be based on published withholding tables using an annual payroll period, and for which a W-2 tax form shall be issued to him in 2019;

1

(b) Within thirty (30) days of the Parties' execution of this Agreement, or within seven (7) days of the Effective Date (defined in Paragraph 26 below), whichever is later, TLC shall issue and deliver a check made payable to "Rene Fernandez" in the amount of Three Thousand Three Hundred Fifty Dollars and Zero Cents ($3,350.00), as and for purported lost wages, from which estimated deductions will be made for taxes and other withholdings, which shall be based on published withholding tables using an annual payroll period, and for which a W-2 tax form shall be issued to him in 2019;

(c) Thirty (30) days after the issuance of the check in Paragraph 2(a), TLC shall issue and deliver twelve (12) equal monthly payments by check made payable to "Alvin Vasquez" in the amount of Four Hundred Thirty Six Dollars and Zero Cents ($436.00) per check, as and for purported lost wages, from which estimated deductions will be made for taxes and other withholdings, which shall be based on published withholding tables using an annual payroll period, and for which a W-2 tax form shall be issued to him in 2019 and 2020, as applicable. For the avoidance of doubt, if the check in Paragraph 2(a) was issued on September 15, TLC will issue a check on October 15 in the amount of $436.00, and thereafter on the 15th of every following month until TLC has made 12 payments in satisfaction of this obligation.

(d) Thirty (30) days after the issuance of the check in Paragraph 2(b), TLC shall issue and deliver twelve (12) equal monthly payments by check made payable to "Rene Fernandez" in the amount of Four Hundred Twenty Nine Dollars and Zero Cents ($429.00) per check, as and for purported lost wages, from which estimated deductions will be made for taxes and other withholdings, which shall be based on published withholding tables using an annual payroll period, and for which a W-2 tax form shall be issued to him in 2019 and 2020, as applicable. For the avoidance of doubt, if the check in Paragraph 2(b) was issued on September 15, TLC will issue a check on October 15 in the amount of $429.00, and thereafter on the 15th of every following month until TLC has made 12 payments in satisfaction of this obligation.

(e) Thirty (30) days after the issuance of the check in Paragraph 2(a), TLC shall issue and deliver twelve (12) equal monthly payments by check made payable to "Alvin Vasquez" in the amount of Seven Hundred Sixteen Dollars and Zero Cents ($716.00) per check, from which no taxes shall be withheld, representing payment for alleged liquidated damages and penalties under the NYLL and FLSA. For the avoidance of doubt, if the check in Paragraph 2(b) was issued on September 15, TLC will issue a check on October 15 in the amount of $716.00, and thereafter on the 15th of every following month until TLC has made 12 payments in satisfaction of this obligation. An IRS Form 1099 shall be issued to Vasquez for these payments in 2019, and 2020, as applicable;

(f) Thirty (30) days after the issuance of the check in Paragraph 2(b), TLC shall issue and deliver (12) equal monthly payments by check made payable to "Rene Fernandez" in the amount of Nine Hundred Eighty Seven Dollars and Zero Cents ($987.00) per check, from which no taxes shall be withheld, representing payment for alleged liquidated damages and penalties under the NYLL and FLSA. For the avoidance of doubt, if the check in Paragraph 2(b) was issued on September 15, TLC will issue a check on October 15 in the amount of $987.00, and thereafter on the 15th of every following month until TLC has made 12 payments in satisfaction of this obligation. An IRS Form 1099 shall be issued to Fernandez for these payments in 2019, and 2020, as applicable;

(g) Within thirty (30) days of the Parties' execution of this Agreement, or within seven (7) days of the Effective Date (defined in Paragraph 26 below), whichever is later, TLC shall issue and deliver a check made payable to "Rapaport Law Firm, PLLC" in the amount of One Thousand Six Hundred Fifty Dollars and Zero Cents ($1,650.00), as and for attorneys' fees and expenses, from which no setoffs, withholdings and/or deductions shall be made, and for which an IRS Form 1099 shall be issued to Rapaport Law Firm, PLLC, Vasquez, and Fernandez, in 2019;

(h) Thirty (30) days after the issuance of the check in Paragraphs 2(a) and 2(b), TLC shall make twelve (12) equal monthly payments by check made payable to "Rapaport Law Firm, PLLC" in the amount of Five Hundred Fifty Two Dollars and Zero Cents ($552.00), as and for attorneys' fees and expenses, from which no setoffs, withholdings and/or deductions shall be made, and for which an IRS Form 1099 shall be issued to Rapaport Law Firm, PLLC, Vasquez, and Fernandez, in 2019 and 2020, as applicable. For the avoidance of doubt, if the check in Paragraphs 2(a) and 2(b) were issued on September 15, TLC will issue a check on October 15 in the amount of $552.00, and thereafter on the 15th of every following month until TLC has made 12 payments in satisfaction of this obligation.

(i) Within thirty (30) days of the Parties' execution of this Agreement, or within seven (7) days of the Effective Date (defined in Paragraph 26 below), whichever is later, TLC shall issue and deliver a check made payable to "Miller Law, PLLC" in the amount of One Thousand Six Hundred Fifty Dollars and Zero Cents ($1,650.00), as and for attorneys' fees and expenses, from which no setoffs, withholdings and/or deductions shall be made, and for which an IRS Form 1099 shall be issued to Miller Law, PLLC, Vasquez, and Fernandez, in 2019;

(j) Thirty (30) days after the issuance of the check in Paragraphs 2(a) and 2(b), TLC shall make twelve (12) equal monthly payments by check made payable to "Miller Law, PLLC" in the amount of Six Hundred Thirty Dollars and Zero Cents ($630.00), as and for attorneys' fees and expenses, from which no setoffs, withholdings and/or deductions shall be made, and for which an IRS Form 1099 shall be issued to Miller Law, PLLC, Vasquez, and Fernandez, in 2019 and 2020, as applicable. For the avoidance of doubt, if the check in Paragraphs 2(a) and 2(b) were issued on September 15, TLC will issue a check on October 15 in the amount of $630.00, and thereafter on the 15th of every following month until TLC has made 12 payments in satisfaction of this obligation.

(k) Pursuant to Paragraph 8 below, concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of this Agreement.

(l) The payments set forth above in Paragraph 2(a)-(h) shall be delivered to or mailed to the attention of Marc Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, New York 10119. The payments set forth above in Paragraph 2(i) and (j) shall be delivered to or mailed to the attention of Meredith R. Miller, Esq., Miller Law, PLLC, 167 Madison Avenue, Suite 503, New York, New York 10016.

3. **Full Payment**: Plaintiffs agree and affirm that the payments described in Paragraph 2 above shall constitute full accord and satisfaction. This amount shall include compensation for alleged damages to Plaintiffs and for any and all harm which they may have suffered because of any acts or omissions of the Defendants as alleged in the Action and Complaint, including any claims for wages or overtime pay under state and federal law or common law. Plaintiffs agree that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

4. **Confession of Judgment**: Concurrently with the execution of this Agreement, Cristobalina Caraballo and TLC shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit "B." Cristobalina Caraballo and TLC shall provide Plaintiffs' counsel with an executed Affidavit of Confession of Judgment bearing original and notarized signatures. The Affidavit of Confession of Judgment will be held in escrow by Plaintiffs' counsel. In the event TLC fails to make any of the payments required under Paragraph 2 of this Agreement within seven (7) calendar days of their due date, Plaintiffs shall provide fourteen (14) calendar days' written notice to Defendants' counsel (as defined below) of their intent to file the Affidavit of Confession of Judgment with the clerk of any court of competent jurisdiction for judgment to be entered against Cristobalina Caraballo and TLC, jointly and severally, declaring Fifty-Five Thousand Dollars and No Cents ($55,000.00) immediately due and payable, less any payments already made by TLC pursuant to this Agreement, with 7% interest from the Effective Date this Agreement on the entire amount left due and owing, as well as reasonable attorneys' fees and costs incurred in enforcing the judgment,. Defendants will have fourteen (14) calendar days from the receipt of said notice of default to remedy any default before Plaintiffs file the Affidavit of Confession of Judgment.

5. **Release of Claims:**

(a) Fernandez, individually and on behalf of himself and, if any, his spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all claims, known and unknown, asserted or unasserted, which he has or may have against Defendants, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities, (collectively, with Defendants, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA or the NYLL.

(b) Vasquez individually and on behalf of himself and, if any, his spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all claims, known and unknown, asserted or unasserted, which he has or may have against Defendants, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities,

(collectively, with Defendants, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA or the NYLL.

(c) Nothing in this Paragraph 5 shall preclude Plaintiffs from seeking to enforce the terms of this Agreement.

6. **Covenant Not to Sue**: Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiffs breach the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims.

7. **Claims Excluded from the Agreement**: Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiffs from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiffs are waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Vasquez's and/or Fernandez's behalf.

8. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

(a) Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court with the request for approval of this Agreement.

(b) In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as though the Agreement had not been executed, and no payments shall be required pursuant to Paragraph 2 of the Agreement.

9. **Taxes and Withholding**: If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 2 should have been subject to further taxation or withholding, Plaintiffs agree that they shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in

connection with the portion paid to either Vasquez or Fernandez individually, or on their behalf, and that they shall protect, indemnify and hold harmless the Defendants and Releasees from any withholding or tax payment, interest and penalties paid by the Defendants thereon with respect to the payment of any such taxes.

10. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs have asserted, could have asserted or may assert in connection with Plaintiffs' employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

11. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiffs, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

12. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

13. **No Other Complaints or Charges**: Plaintiffs hereby represent that, other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees. Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their employment with Defendants.

14. **Future Employment**: Plaintiffs acknowledge and agree that they have no right to any reinstatement or re-employment by TLC, Releasees or any business in which Cristobalina Caraballo is a whole or partial owner.

15. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to conflict of laws principles.

16. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain jurisdiction over any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum. Notwithstanding the foregoing, TLC and Cristobalina Caraballo consent to any court of competent jurisdiction for purposes of filing and enforcing the Affidavit of Confession of Judgment.

17. **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred, or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

18. **Voluntary Agreement**: The Parties, individually, represent and agree that:

   (a) They are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them by their attorneys;

   (b) To the extent they are unable to read, consider or understand any term of this Agreement in the English language, the entirety of this Agreement was translated for them into the Spanish language, a copy of which is annexed hereto as Exhibit C;

   (c) They have signed this Agreement freely and voluntarily and without duress;

   (d) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement;

   (e) They were advised and hereby are advised to consider carefully the terms of this Agreement before executing it, that they did consult with their attorneys prior to executing the Agreement, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19. **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

20. **Waiver**: No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

21. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

22. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

23. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24. **Facsimile/Email**: An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

25. **Notices**: All notices or communications under this Agreement shall be delivered by email and hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendants' Counsel:

    Daniel Gomez-Sanchez, Esq.
    Littler Mendelson, P.C.
    290 Broadhollow Road, Suite 305
    Melville, NY 11747
    dsgomez@littler.com

Plaintiffs' Counsel:

    Meredith R. Miller, Esq.
    Miller Law, PLLC
    167 Madison Avenue, Suite 503
    New York, New York 10016
    meredith@millerlaw.nyc

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

26. **Effective Date**. This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiffs sign this Agreement and Plaintiffs' counsel signs the Stipulation of Dismissal with Prejudice (attached as Exhibit A) and returns the same to Defendant' Counsel; (b) Defendants' counsel receives a completed W-9 form for Miller Law, PLLC, a completed W-9 form for Rapaport Law, PLLC, and completed W-4 and W-9 Forms for both Vasquez and Fernandez; and (c) the Court approves this Agreement and dismisses the Action (the "Effective Date"). Plaintiffs acknowledge and agree that this Agreement will not be effective or enforceable, and no payment of the Settlement Amount will be made hereunder, unless and until the Action and all claims therein (including claims under the FLSA) are dismissed against all Defendants in the Action with prejudice.

27. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**[THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**

BY SIGNING THIS AGREEMENT, PLAINTIFFS AND DEFENDANTS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS AND DEFENDANTS FURTHER ACKNOWLEDGE THAT THEY HAVE SPOKEN WITH THEIR ATTORNEYS, BEFORE SIGNING THIS AGREEMENT, AND ARE SATISFIED WITH THE ADVICE THEY WERE PROVIDED.

AGREED:

ALVIN VASQUEZ

By: _____
       Alvin Vasquez

Dated: 08/20/2018

RENE FERNANDEZ

By: _____
       Rene Fernandez

Dated: 8-20-2018

TLC TRANSPORTATION CORP. OF WESTCHESTER

By: _____
       Cristobalina Caraballo
Title: _____

Dated: _____

CRISTOBALINA CARABALLO

By: _____
       Cristobalina Caraballo

Dated: _____

BY SIGNING THIS AGREEMENT, PLAINTIFFS AND DEFENDANTS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS AND DEFENDANTS FURTHER ACKNOWLEDGE THAT THEY HAVE SPOKEN WITH THEIR ATTORNEYS, BEFORE SIGNING THIS AGREEMENT, AND ARE SATISFIED WITH THE ADVICE THEY WERE PROVIDED.

AGREED:

**ALVIN VASQUEZ**

By: _____
       Alvin Vasquez

Dated: _____

**RENE FERNANDEZ**

By: _____
       Rene Fernandez

Dated: _____

**TLC TRANSPORTATION CORP. OF WESTCHESTER**

By: _____/s/_____
       Cristobalina Caraballo
Title: President

Dated: 8/20/18

**CRISTOBALINA CARABALLO**

By: _____/s/_____
       Cristobalina Caraballo

Dated: 8/20/18

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALVIN VASQUEZ and RENE FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>TLC TRANSPORTATION CORP. OF WESTCHESTER a/k/a TLC TRANSPORTATION CORP. and CRISTOBALINA CARABALLO,<br><br>Defendants. | Docket No.: 17 CV 09033<br><br>**JOINT STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, and ordered by the Court, that:

(a) the parties' settlement, including the settlement of claims under the Fair Labor Standards Act, is fair and reasonable; and

(b) the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party..

Dated: August 22, 2018

MILLER LAW, PLLC

/s/
By: Meredith R. Miller

167 Madison Avenue, Suite 503
New York, New York 10016
(347) 878-2587

*Attorneys for Plaintiff*

Dated: August 22, 2018

LITTLER MENDELSON, P.C.

/s/
By: Daniel Gomez-Sanchez

290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700

*Attorneys for Defendants*

SO ORDERED:

_____
Hon. Lisa M. Smith

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALVIN VASQUEZ and RENE FERNANDEZ,<br><br>　　　　　Plaintiffs,<br><br>　　-against-<br><br>TLC TRANSPORTATION CORP. OF WESTCHESTER a/k/a TLC TRANSPORTATION CORP. and CRISTOBALINA CARABALLO,<br>　　　　　Defendants. | Docket No.<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF NEW YORK　　　　)
　　　　　　　　　　　　　) ss.:
COUNTY OF WESTCHESTER　　)

**CRISTOBALINA CARABALLO**, being duly sworn, deposes and says:

1. I am a principal of Defendant TLC Transportation Corp. of Westchester a/k/a TLC Transportation Corp. ("TLC").

2. I am duly authorized to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me and TLC in the above-captioned action. .

3. I execute this Confession of Judgment on behalf of TLC and on my own behalf.

4. This confession of judgment is for a debt justly due to Plaintiffs relating to past-due amounts owed to Plaintiffs by me and TLC in settlement of Plaintiffs' claims for wages, including overtime compensation, under the Fair Labor Standards Act and New York Labor Law.

5. In or around July 2018, TLC and I entered into an Agreement to pay the total gross sum of Fifty-Five Thousand Dollars and No Cents ($55,000.00) to Plaintiffs in exchange for the dismissal and release of any and all claims that Plaintiff had, has or may have had against

TLC and Cristobalina Caraballo (collectively "Defendants") in the Action entitled <u>Alvin Vasquez and Rene Fernandez v. TLC Transportation Corp. of Westchester and Cristobalina Caraballo</u>, which was pending in the United States District Court for the Southern District of New York, where it was assigned Civil Action Case Number 17 CV 09033.

6. Under the terms of the Agreement, TLC and I agreed to pay a total gross settlement amount of Fifty-Five Thousand Dollars and No Cents ($55,000.00) to Plaintiffs, pursuant to an installment payment plan as set forth in the Agreement.

7. TLC and I hereby confess judgment herein, and authorize the entry thereof in favor Plaintiffs, in the amount of Fifty-Five Thousand Dollars and No Cents ($55,000.00), less any payments already made by TLC under said Agreement, plus interest calculated at a rate of 7% from the Effective Date of the Agreement as defined by the Agreement, and reasonable attorneys' fees and costs incurred in filing the Judgment by Confession and collection efforts thereon incurred after the filing of the Judgment by Confession.

8. TLC and I hereby waive all procedural and substantive defenses that we may possess with regard to Plaintiffs' claim for the amount of $55,00.00, less any payment made to Plaintiffs pursuant to the Agreement.

9. I hereby represent my understanding that upon TLC's breach of the Agreement and failure to cure under same, this Confession of Judgment shall be docketed and entered as a judgment against both TLC and me, and against all of TLC's property of any kind, in which it has any ownership interest, and all of my property of any kind, in which I have any ownership interest.

10. This Confession of Judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

11. TLC and I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: _____, New York
August 22, 2018

_____
Cristobalina Caraballo
ID # ending 298

STATE OF NEW YORK         }
                          } S.S.
COUNTY OF Westchester     }

On AUG 22, 2018, before me personally came Cristobalina Caraballo, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

JENE PEREZ
Notary Public, State of New York
No. 01PE5088896
Qualified in Westchester County
Commission Expires December 01, 2021

TLC TRANSPORTATION CORP. OF WESTCHESTER
By: _____
         ID # ending 298
Title: President

STATE OF NEW YORK         }
                          } S.S.
COUNTY OF Westchester     }

On August 22, 2018, before me personally came Cristobalina Caraballo and acknowledged himself or herself to be a principal of TLC Transportation Corp. of Westchester, and that he or she, as such, being authorized so to do, executed the foregoing Affidavit for Judgment by Confession for the purposes therein contained, by signing her name for TLC Transportation Corp. of Westchester.

_____
NOTARY PUBLIC

JENE PEREZ
Notary Public, State of New York
No. 01PE5088896
Qualified in Westchester County
Commission Expires December 01, 2021

# EXHIBIT C

Firmwide:156219850.1 096227.1001