## CONVENIO DE TERMINACIÓN Y LIBERACIÓN DE RECLAMACIONES

Este Convenio de Terminación y Liberación Mutua (el "Convenio") se realiza y celebra entre Alvin Vasquez, en nombre propio, sus agentes, cesionarios, abogados, herederos, sucesores, albaceas y administradores (en adelante, "Vasquez"), y René Fernandez, en nombre propio, sus agentes, cesionarios, abogados, herederos, sucesores, albaceas y administradores (en adelante, "Fernandez") (Vasquez y Fernandez serán referidos colectivamente como "Demandantes"), por un lado, y TLC Transportation Corp. of Westchester (en adelante, "TLC") y Cristobalina Caraballo, por otro lado.

**CONSIDERANDO QUE**, el 20 de noviembre de 2017 o en una fecha cercana, los Demandantes iniciaron una acción contra los Demandados TLC y Cristobalina Caraballo (referidos colectivamente como "Demandados") en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York (*United States District Court for the Southern District of New York*), donde se asignó el Caso de Acción Civil Número 17 CV 9033, alegando, entre otras cosas, que los Demandados violaron la Ley de Normas Laborales Justas (*Fair Labor Standards Act* o "FLSA" por sus siglas en inglés) y la Ley Laboral de Nueva York (*New York Labor Law* o "NYLL" por sus siglas en inglés) al no pagar la compensación de horas extras (la "Acción");

**CONSIDERANDO QUE**, los Demandados niegan todas las acusaciones de irregularidades hechas por los Demandantes y un Tribunal no ha hecho ningún hallazgo con respecto a los méritos de las reclamaciones de los Demandantes;

**CONSIDERANDO QUE**, los Demandados y los Demandantes (referidos colectivamente como las "Partes") desean resolver y arreglar todos los asuntos y posibles asuntos que surjan de o puedan atribuirse a cualquier reclamo entre ellos en esta Acción de manera amigable sin el gasto y la agravación de un litigio continuado; y

**AHORA, POR LO TANTO**, con la intención de estar legalmente obligados, y por una consideración buena y valiosa, cuya suficiencia y recepción reconocen las Partes, las Partes acuerdan lo siguiente:

1. Las Partes reconocen que la declaración y las cláusulas "CONSIDERANDO QUÉ" que preceden al Párrafo 1 son verdaderas y correctas, y se incorporan aquí como partes importantes de este Convenio.

2. **Consideración**: Como liquidación total y satisfacción final de todas las reclamaciones que los Demandantes tuvieron, tienen o puedan tener contra los Demandados, incluidos, entre otros, las reclamaciones planteadas en la Acción y en consideración por los acuerdos y obligaciones establecidos en este documento, incluyendo pero no limitado a la liberación de los Demandantes establecida en el Párrafo 5, TLC pagará o hará que se pague a los Demandantes la suma total de CINCUENTA Y CINCO MIL DÓLARES Y CERO CENTAVOS ($55,000.00) (en adelante, el "Monto de Liquidación"), pagadero de la siguiente manera:

(a) Dentro de los treinta (30) días posteriores a la firma de este Convenio por las Partes, o dentro de los siete (7) días posteriores a la Fecha de Entrada en Vigor (definida en el



RF

A.V.

Párrafo 26 a continuación), lo que ocurra al último, TLC expedirá y entregará un cheque pagadero a "Alvin Vasquez" por la cantidad de Tres Mil Trescientos Cincuenta Dólares y Cero Centavos ($3,350.00), por supuestos salarios perdidos, de los cuales se harán deducciones estimadas de impuestos y otras retenciones, que se basarán en las tablas de retención publicadas utilizando un período de nómina anual, y para el cual se le debe expedir un formulario de impuesto W-2 en 2019;

(b) Dentro de los treinta (30) días posteriores a la firma de este Convenio por las Partes, o dentro de los siete (7) días posteriores a la Fecha de Entrada en Vigor (definida en el Párrafo 26 a continuación), lo que ocurra al último, TLC expedirá y entregará un cheque pagadero a "Rene Fernandez" por la cantidad de Tres Mil Trescientos Cincuenta Dólares y Cero Centavos ($3,350.00), por supuestos salarios perdidos, de los cuales se harán deducciones estimadas de impuestos y otras retenciones, que se basarán en las tablas de retención publicadas utilizando un período de nómina anual, y para el cual se le debe expedir un formulario de impuesto W-2 en 2019;

(c) Treinta (30) días después de la expedición del cheque en el Párrafo 2(a), TLC expedirá y entregará doce (12) pagos mensuales iguales mediante cheque a nombre de "Alvin Vasquez" por la cantidad de Cuatrocientos Treinta y Seis Dólares y Cero Centavos ($436.00) por cheque, por supuestos salarios perdidos, de los cuales se harán deducciones estimadas de impuestos y otras retenciones, que se basarán en tablas de retención publicadas utilizando un período de nómina anual, y para los cuales se le expedirá un formulario W-2 en 2019 y 2020, según corresponda. Para evitar cualquier duda, si el cheque en el párrafo 2(a) se expidió el 15 de septiembre, TLC expedirá un cheque el 15 de octubre por la cantidad de $436.00, y, posteriormente, el día 15 de cada mes siguiente hasta que TLC haya realizado los 12 pagos en cumplimiento de esta obligación.

(d) Treinta (30) días después de la expedición del cheque en el Párrafo 2(b), TLC expedirá y entregará doce (12) pagos mensuales iguales mediante cheque a nombre de "Rene Fernandez" por la cantidad de Cuatrocientos Veintinueve Dólares y Cero Centavos ($429.00) por cheque, por supuestos salarios perdidos, de los cuales se harán deducciones estimadas de impuestos y otras retenciones, que se basarán en tablas de retención publicadas utilizando un período de nómina anual, y para los cuales se le expedirá un formulario W-2 en 2019 y 2020, según corresponda. Para evitar cualquier duda, si el cheque en el párrafo 2(b) se expidió el 15 de septiembre, TLC expedirá un cheque el 15 de octubre por la cantidad de $429.00, y, posteriormente, el día 15 de cada mes siguiente hasta que TLC haya realizado los 12 pagos en cumplimiento de esta obligación.

(e) Treinta (30) días después de la expedición del cheque en el Párrafo 2(a), TLC expedirá y entregará doce (12) pagos mensuales iguales mediante cheque a nombre de "Alvin Vasquez" por un monto de Setecientos Dieciséis Dólares y Cero Centavos ($716.00), del cual no se retendrán impuestos, lo que representa el pago por supuestos daños y penalidades liquidados bajo NYLL y FLSA. Para evitar cualquier duda, si el cheque en el Párrafo 2(a) se emitió el 15 de septiembre, TLC expedirá un cheque el 15 de octubre por la cantidad de $716.00, y, posteriormente, el día 15 de cada mes siguiente hasta que TLC haya realizado los 12 pagos en cumplimiento de esta obligación. Se expedirá un Formulario 1099 del IRS a Vasquez para estos pagos en 2019 y 2020, según corresponda;

*RF*

*A.V.*

(f) Treinta (30) días después de la expedición del cheque en el Párrafo 2(a), TLC expedirá y entregará doce (12) pagos mensuales iguales mediante cheque a nombre de "Rene Fernandez" por un monto de Novecientos Ochenta y Siete Dólares y Cero Centavos ($987.00), del cual no se retendrán impuestos, lo que representa el pago por supuestos daños y penalidades liquidados bajo NYLL y FLSA. Para evitar cualquier duda, si el cheque en el Párrafo 2(a) se emitió el 15 de septiembre, TLC expedirá un cheque el 15 de octubre por la cantidad de $987.00, y, posteriormente, el día 15 de cada mes siguiente hasta que TLC haya realizado los 12 pagos en cumplimiento de esta obligación. Se expedirá un Formulario 1099 del IRS a Fernandez para estos pagos en 2019 y 2020, según corresponda;

(g) Dentro de los treinta (30) días posteriores a la firma de este Convenio por las Partes, o dentro de los siete (7) días posteriores a la Fecha de Entrada en Vigor (definida en el Párrafo 26 a continuación), lo que ocurra al último, TLC expedirá y entregará un cheque a nombre de "Rapaport Law Firm, PLLC" por la cantidad de Un Mil Seiscientos Cincuenta Dólares y Cero Centavos ($1,650.00), por honorarios y gastos de abogados, cantidad a la cual no se le realizarán compensaciones, retenciones y/o deducciones, y para la cual se expedirá un Formulario 1099 del IRS a Rapaport Law Firm, PLLC, Vasquez y Fernandez, en 2019;

(h) Treinta (30) días después de la expedición del cheque en los Párrafos 2(a) y 2(b), TLC expedirá y entregará doce (12) pagos mensuales iguales mediante cheque a nombre de "Rapaport Law Firm, PLLC" por un monto de Quinientos Cincuenta y Dos Dólares y Cero Centavos ($552.00) por honorarios y gastos de abogados, cantidad a la cual no se le realizarán compensaciones, retenciones y/o deducciones, y para la cual se expedirá un Formulario 1099 del IRS a Rapaport Law Firm, PLLC, Vasquez y Fernandez, en 2019, según corresponda. Para evitar cualquier duda, si el cheque en los Párrafos 2(a) y 2(b) se expidió el 15 de septiembre, TLC expedirá un cheque el 15 de octubre por la cantidad de $552.00, y, posteriormente, el día 15 de cada mes siguiente hasta que TLC haya realizado los 12 pagos en cumplimiento de esta obligación;

(i) Dentro de los treinta (30) días posteriores a la firma de este Convenio por las Partes, o dentro de los siete (7) días posteriores a la Fecha de Entrada en Vigor (definida en el Párrafo 26 a continuación), lo que ocurra al último, TLC expedirá y entregará un cheque a nombre de "Miller Law, PLLC" por la cantidad de Un Mil Seiscientos Cincuenta Dólares y Cero Centavos ($1,650.00), por honorarios y gastos de abogados, cantidad a la cual no se le realizarán compensaciones, retenciones y/o deducciones, y para la cual se expedirá un Formulario 1099 del IRS a Miller Law, PLLC, Vasquez y Fernandez, en 2019;

(j) Treinta (30) días después de la expedición del cheque en los Párrafos 2(a) y 2(b), TLC expedirá y entregará doce (12) pagos mensuales iguales mediante cheque a nombre de "Miller Law, PLLC" por un monto de Seiscientos Treinta Dólares y Cero Centavos ($630.00) por honorarios y gastos de abogados, cantidad a la cual no se le realizarán compensaciones, retenciones y/o deducciones, y para la cual se expedirá un Formulario 1099 del IRS a Miller Law, PLLC, Vasquez y Fernandez, en 2019, según corresponda. Para evitar cualquier duda, si el cheque en los Párrafos 2(a) y 2(b) se expidió el 15 de septiembre, TLC expedirá un cheque el 15 de octubre por la cantidad de $630.00, y, posteriormente, el día 15 de cada mes siguiente hasta que TLC haya realizado los 12 pagos en cumplimiento de esta obligación.

RF
A.V.

(k) Conforme al Párrafo 8 a continuación, concurrente con la celebración de este Convenio, las Partes acuerdan firmar la "Estipulación Conjunta para Desistimiento de la Acción" ("*Joint Stipulation for Dismissal with Prejudice*"), en el formulario adjunto al presente como **Anexo A**, que se presentará ante el Tribunal junto con la Moción Conjunta para Aprobación de este Convenio.

(l) Los pagos establecidos anteriormente en el Párrafo 2(a)-(h) deberán entregarse o enviarse por correo a la atención de Marc Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, Nueva York, Nueva York 10119. Los pagos establecidos anteriormente en el Párrafo 2(i) y (j) deberán entregarse o enviarse por correo a la atención de Meredith R. Miller, Esq., Miller Law, PLLC, 167 Madison Avenue, Suite 503, Nueva York, Nueva York 10016.

3. **Pago total**: Los Demandantes aceptan y afirman que los pagos descritos en el Párrafo 2 anterior constituirán un acuerdo completo y satisfactorio. Este monto incluirá una compensación por supuestos daños a los Demandantes y por cualquier daño que puedan haber sufrido debido a cualquier acto u omisión de los Demandados según lo alegado en la Acción y Demanda, incluidos las reclamaciones de salarios o pago de horas extras conforme a las leyes estatales y federales o la ley común. Los Demandantes aceptan que estos pagos incluyen cualquier reclamo por honorarios, costos, intereses y/u otros gastos de abogados.

4. **Confesión de Sentencia**: Simultáneamente con la celebración de este Convenio, Cristobalina Caraballo y TLC firmarán una Declaración Jurada de Confesión de Sentencia en el formulario adjunto como Anexo "B". Cristobalina Caraballo y TLC entregarán al abogado de los Demandantes una Declaración Jurada de Confesión de Sentencia con las firmas originales y notariadas. La Declaración Jurada de Confesión de Sentencia se mantendrá en depósito por el abogado de los Demandantes. En caso que TLC no realice cualquiera de los pagos requeridos bajo el Párrafo 2 de este Convenio dentro de los siete (7) días calendario posteriores a su vencimiento, los Demandantes proporcionarán un aviso por escrito de catorce (14) días calendario a los abogados de los Demandados (como se define a continuación) de su intención de presentar la Declaración Jurada de Confesión de Sentencia ante el secretario de cualquier tribunal de jurisdicción competente para que se dicte sentencia contra Cristobalina Caraballo y TLC, conjunta y solidariamente, declarando Cincuenta y Cinco Mil Dólares y Cero Centavos ($55,000.00) inmediatamente vencidos y por pagar, menos los pagos ya efectuados por TLC en virtud del presente Convenio, con el 7% de interés a partir de la Fecha de Entrada en Vigor del presente Convenio sobre toda la cantidad que queda pendiente de pago, así como los honorarios y costos razonables de abogados, incurridos en la ejecución de la sentencia. Los Demandados tendrán catorce (14) días calendario a partir de la recepción de dicha notificación de incumplimiento para remediar cualquier incumplimiento antes de que los Demandantes presenten la Declaración Jurada de Confesión de Sentencia.

5. **Liberación de reclamaciones:**

(a) Fernandez, individualmente y en su nombre y, en su caso, su cónyuge, herederos, albaceas, testadores, representantes, agentes, sucesores y cesionarios, de forma libre e irrevocable, renuncia, libera y exonera todas las reclamaciones, conocidas y desconocidas, afirmadas o no, que tiene o puede tener contra los Demandados, incluidas las empresas matrices, subsidiarias, divisiones, empresas relacionadas o afiliadas, predecesores, sucesores o cesionarios,

RF
A.V.

empleados actuales o anteriores, agentes, accionistas, funcionarios y directores, y sus cónyuges, herederos y ejecutores, testadores, representantes, agentes, sucesores y cesionarios, en sus capacidades individuales y representativas, (colectivamente, con los Demandados, los "Liberados"), que puedan haber surgido desde el principio hasta la Fecha de Entrada en Vigor de este Convenio por daños, sueldos, salarios, compensación, compensación por horas extras, alivio monetario, y cualquier otro beneficio de cualquier tipo, ganancias, pago retroactivo, liquidación y otros daños, intereses, costos y gastos de abogados, por cualquier reclamación presentada, o que podría haberse presentado bajo la FLSA o la NYLL.

(b) Vasquez, individualmente y en su nombre y, en su caso, su cónyuge, herederos, albaceas, testadores, representantes, agentes, sucesores y cesionarios, de forma libre e irrevocable, renuncia, libera y exonera todas las reclamaciones, conocidas y desconocidas, afirmadas o no, que tiene o puede tener contra los Demandados, incluidas las empresas matrices, subsidiarias, divisiones, empresas relacionadas o afiliadas, predecesores, sucesores o cesionarios, empleados actuales o anteriores, agentes, accionistas, funcionarios y directores, y sus cónyuges, herederos y ejecutores, testadores, representantes, agentes, sucesores y cesionarios, en sus capacidades individuales y representativas, (colectivamente, con los Demandados, los "Liberados"), que puedan haber surgido desde el principio hasta la Fecha de Entrada en Vigor de este Convenio por daños, sueldos, salarios, compensación, compensación por horas extras, alivio monetario, y cualquier otro beneficio de cualquier tipo, ganancias, pago retroactivo, liquidación y otros daños, intereses, costos y gastos de abogados, por cualquier reclamación presentada, o que podría haberse presentado bajo la FLSA o la NYLL.

(c) Nada en este Párrafo 5 impedirá que los Demandantes intenten hacer cumplir los términos de este Convenio.

6. **Pacto para no demandar**: Los Demandantes acuerdan no presentar una demanda o iniciar ningún otro procedimiento legal contra los Demandados con respecto a cualquier asunto liberado en este Convenio. Si los Demandantes incumplen las disposiciones de este Párrafo, los Demandados tendrán derecho a solicitar la recuperación de sus costos, incluidos los honorarios razonables de abogados, relacionados con la ejecución de este Convenio por parte de los Demandados y/o la defensa de dichas reclamaciones.

7. **Reclamaciones excluidas del Convenio**: Nada en este Convenio, incluyendo, sin limitación, las disposiciones de liberación de reclamaciones, y pacto para no demandar, evitará que los Demandantes presenten un cargo o reclamo, informando posibles violaciones de cualquier ley o reglamento, hacer divulgaciones para iniciar comunicaciones directamente con, o responder a cualquier consulta o testimonio ante, y/o participar en cualquier investigación o procedimiento conducido por, o proporcionar documentos u otra información al Departamento del Trabajo de los Estados Unidos (*United States Department of Labor*) o al Departamento del Trabajo del Estado de Nueva York (*New York State Department of Labor*), cualquier otra organización de autorregulación, o cualquier departamento de seguro estatal, o cualquier otra autoridad reguladora federal o estatal y/o cualquier autoridad gubernamental encargada de la aplicación de cualquier ley, con respecto a este acuerdo o sus hechos o circunstancias subyacentes; considerando que, al firmar esta liberación, los Demandantes están renunciando a todos los derechos de compensación individual (incluidos salarios caídos, anticipo de salarios,

RF
A.V.

reinstalación u otra compensación legal o equitativa) en base a reclamaciones presentadas en tal cargo o reclamo, o reclamados por un tercero en nombre de Vasquez y/o Fernandez.

8. **Presentación ante el tribunal para su aprobación y efectos de desistimiento de la acción**:

(a) Concurrente con la celebración de este Convenio, las Partes acuerdan firmar la "Estipulación Conjunta para Desistimiento de la Acción", en el formulario adjunto al presente como Anexo A, que se presentará ante el Tribunal con la solicitud de aprobación de este Convenio.

(b) En caso que el Tribunal no apruebe este Convenio, tal como se contempla en este Convenio, este Convenio será nulo y sin efecto *ab initio*. En tal caso, las Partes serán devueltas a sus respectivos estados en la fecha inmediatamente anterior a la fecha de celebración de este Convenio, y las Partes procederán en todos los aspectos como si el Convenio no se hubiera celebrado, y no se requerirán pagos de conformidad con el párrafo 2 del Convenio.

9. **Impuestos y retenciones**: Si, por cualquier razón, cualquier autoridad fiscal federal, estatal o local determina que cualquier porción de los pagos establecidos en el párrafo 2 debería haber estado sujeto a impuestos adicionales o retención, los Demandantes acuerdan que asumirán toda responsabilidad por el pago de los impuestos, intereses y penalidades de los empleados en relación con la porción abonada a Vasquez o Fernandez individualmente, o en su nombre, y que protegerán, indemnizarán y mantendrán indemne a los Demandados y Liberados de cualquier pago, intereses y multas por retenciones o impuestos pagados por los Demandados al respecto con respecto al pago de dichos impuestos.

10. **No admisión de responsabilidad**: Ni este Convenio ni nada contenido en este documento constituye o pretende constituir un considerando, admisión de responsabilidad o determinación de responsabilidad por parte de los Demandados bajo ninguna ley, ordenanza, norma, reglamento, política u orden con respecto a ningún reclamo que los Demandantes han afirmado, podrían haber afirmado o pueden afirmar en relación con el empleo de los Demandantes. Los Demandados han negado consistentemente, y continúan negando, todas y cada una de las alegaciones de irregularidades hechas por los Demandantes, y han acordado celebrar este Convenio con el único propósito de evitar el costo y la inconveniencia de seguir litigando.

11. **Disputa de buena fe**: Este Convenio es para la resolución de reclamaciones disputadas. Las Partes acuerdan que existe una disputa de *buena fe en* cuanto a si los Demandantes podrían prevalecer sobre los méritos de sus reclamaciones FLSA y NYLL y que el monto que se les paga a los Demandantes, como se indica en el Párrafo 2, es una resolución justa y razonable para esta disputa de *buena fe*.

12. **Cambios en el Convenio**: Este Convenio no podrá ser modificado a menos que los cambios consten por escrito y estén firmados por las Partes o sus representantes.

13. **No hay otras demandas o cargos**: Los Demandantes por el presente manifiestan que, aparte de la Acción, no tienen acciones pendientes, cargos administrativos o quejas, reclamaciones o arbitrajes que impliquen Reclamaciones Liberadas contra cualquiera de los



Liberados. Además, los Demandantes actualmente no tienen conocimiento de ningún otro reclamo que no sean los alegados en esta demanda relacionados con su empleo con los Demandados.

14. **Empleo futuro**: Los demandantes reconocen y acuerdan que no tienen derecho a la recontratación o reempleo por parte de TLC, los Liberados o cualquier negocio en el que Cristobalina Caraballo sea propietaria total o parcial.

15. **Legislación aplicable**: Este Convenio y todos sus términos se interpretarán, aplicarán y regirán según las leyes del Estado de Nueva York, independientemente de los principios de conflicto de leyes.

16. **Jurisdicción**: Las Partes acuerdan expresamente que el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York ("SDNY") tendrá jurisdicción sobre cualquier acción o procedimiento que surja de este Convenio o para hacer cumplir los términos de este Convenio. Mediante la celebración de este Convenio, cada Parte irrevocable e incondicionalmente: (i) se somete a la jurisdicción (tanto del asunto como personal) del SDNY en cualquier acción o procedimiento que una Parte comience razonablemente con el propósito de hacer cumplir este Convenio; (ii) renuncia a cualquier objeción que puedan tener ahora o en el futuro sobre los procedimientos legales que surjan de este Convenio presentado ante el SDNY; y (iii) renuncia a cualquier reclamo de que cualquier acción o procedimiento que surja de este Convenio incluido en el SDNY haya sido presentado en un foro inconveniente. Independientemente de lo anterior, TLC y Cristobalina Caraballo dan su consentimiento a cualquier tribunal de jurisdicción competente a los fines de presentar y hacer cumplir la Declaración Jurada de Confesión de Sentencia.

17. **Cesión de Reclamaciones**: Los Demandantes por este medio declaran y garantizan que no han asignado o transferido o pretendido ceder o transferir a nadie cualquier reclamo, acción o causa de acción basada en, surgida o relacionada de alguna manera con cualquiera de los asuntos liberados mediante el presente.

18. **Convenio Voluntario**: Las Partes, individualmente, manifiestan y acuerdan que:

(a) No están sufriendo ningún impedimento que los incapacite para leer, considerar y entender los términos de este Convenio, y puedan leer, considerar y comprender los términos de este Convenio, todo lo cual les ha sido explicado por su abogados;

(b) En la medida en que no puedan leer, considerar o comprender cualquier término de este Convenio en el idioma inglés, la totalidad de este Convenio se tradujo para ellos al idioma español, una copia de la cual se adjunta como Anexo C;

(c) Han firmado este Convenio libre y voluntariamente y sin coacción;

(d) No se han hecho promesas o declaraciones de ningún tipo o carácter, distintas a las contenidas en este Convenio, por parte de ninguno de los Liberados o de cualquier persona que actúe en su nombre para inducir a los Demandantes a celebrar este Convenio;

R.F
A.V.

(e) Se les informó y se les aconseja que consideren cuidadosamente los términos de este Convenio antes de firmarlo, que consultaron con sus abogados antes de celebrar el Convenio, y que han tenido un período de tiempo razonable para considerar los términos de este Convenio antes de firmarlo.

19. **Convenio total y completo**: Este Convenio constituye el acuerdo total y completo entre las Partes con respecto al tema del presente documento, y reemplaza completamente cualquier acuerdo, compromiso o entendimiento anterior entre las partes.

20. **Exención**: Ninguna disposición en este documento puede renunciarse a menos que sea por escrito y esté firmada por la Parte cuyos derechos se estén renunciando. La renuncia a cualquier disposición, o parte de la misma, no se considerará una renuncia a ninguna otra disposición en este documento. La renuncia a cualquier incumplimiento de cualquier disposición de este Convenio por parte de una de las Partes no se considerará una renuncia a cualquier incumplimiento subsecuente o anterior.

21. **Significado imparcial**: La redacción de todas las partes de este Convenio se interpretará en cualquier caso como un todo de acuerdo con su significado imparcial, y no estrictamente a favor o en contra de cualquiera de las Partes, independientemente de quién lo redactó.

22. **Contrapartes**: Este Convenio se puede firmar en varios tantos, cada uno de los cuales servirá como original contra cualquier Parte que lo haya firmado, y todos las cuales, en su conjunto, constituirán el mismo documento. Una copia de la firma de una Parte en este Convenio será aceptable en cualquier acción contra esa Parte para hacer cumplir este Convenio.

23. **Encabezados**: Los encabezados de este Convenio son para la conveniencia de las Partes y no tienen la intención de modificar ninguno de los términos de este Convenio.

24. **Facsímil/Correo electrónico**: Una copia firmada de fax o correo electrónico de este Convenio tendrá la misma fuerza y efecto que el original.

25. **Avisos**: Todos los avisos o comunicaciones bajo este Convenio se enviarán por correo electrónico y a mano, correo registrado, correo certificado (se requiere acuse de recibo) o correo nocturno a la dirección del abogado de los Demandados o los Demandantes, respectivamente, de la siguiente manera:

Asesoramiento de los Demandados:
    Daniel Gomez-Sanchez, Esq.
    Littler Mendelson, PC
    290 Broadhollow Road, Suite 305
    Melville, NY 11747
    dsgomez@littler.com

Abogado de los Demandantes:

R.F.
A.V.

Meredith R. Miller, Esq.
Miller Law, PLLC
167 Madison Avenue, Suite 503
Nueva York, Nueva York 10016
meredith@millerlaw.nyc

Cualquiera de las Partes puede notificar el cambio de dirección por escrito según lo establecido en este Párrafo. Si se utiliza correo certificado o registrado, se considerará que la entrega real es la fecha indicada en el sello de fecha del Servicio Postal de los EE.UU. en el recibo de correo certificado o registrado.

26. **Fecha de entrada en vigor**: Este Convenio no será efectivo ni exigible y no se efectuará ningún pago del Monto de Liquidación a menos que ocurran los siguientes eventos: (a) los Demandantes firmen este Convenio y los abogados de los Demandantes firmen la "Estipulación Conjunta para Desistimiento de la Acción" (adjunta como Anexo A) y los devuelvan al Abogado del Demandado; (b) el abogado de los Demandados reciba un formulario W-9 completo para Miller Law, PLLC, un formulario W-9 completo para Rapaport Law, PLLC y Formularios W-4 y W-9 completos tanto para Vasquez como para Fernandez; y (c) el Tribunal apruebe este Convenio y desestime la Acción (la "Fecha de Entrada en Vigor"). Los Demandantes reconocen y aceptan que este Convenio no será efectivo o exigible, y no se realizará el pago del Monto de Liquidación a menos que y hasta que la Acción y todas las reclamaciones en el mismo (incluyendo reclamaciones bajo la FLSA) sean desestimadas definitivamente contra todos los Demandados en la Acción.

27. **Autoridad para celebrar el Convenio**: Los suscritos garantizan y declaran que tienen la plena capacidad para hacer las declaraciones y garantías contenidas en este Convenio, y para firmar y desempeñar este Convenio, en nombre de las personas y entidades para las cuales o quienes tienen firmado, y que están actuando dentro del alcance de su capacidad.

[EL RESTO DE ESTA PÁGINA SE HA DEJADO INTENCIONALMENTE EN BLANCO]

RF
A.V.

AL FIRMAR ESTE CONVENIO, LOS DEMANDANTES Y DEMANDADOS RECONOCEN QUE LO HAN LEÍDO CUIDADOSAMENTE, LO ENTIENDEN Y QUE LO FIRMAN VOLUNTARIAMENTE POR SU PROPIO LIBRE ALBEDRÍO, SIN COACCIÓN O COERCIÓN, DESPUÉS DE LA DEBIDA CONSIDERACIÓN DE SUS TÉRMINOS Y CONDICIONES. LOS DEMANDANTES LOS DEMANDADOS ADEMÁS RECONOCEN QUE HAN HABLADO CON SUS ABOGADOS, ANTES DE FIRMAR ESTE CONVENIO, Y ESTÁN SATISFECHOS CON EL ASESORAMIENTO SE LES PROPORCIONÓ.

**ACEPTADO:**

ALVIN VASQUEZ

Por: _____
       Alvin Vasquez

Fecha: 08/20/2018

RENE FERNANDEZ

Por: _____
       René Fernandez

Fecha: 8-20-2018

TLC TRANSPORTE CORP. DE WESTCHESTER

Por: _____
       Cristobalina Caraballo

Título: _____

Fecha: _____

CRISTOBALINA CARABALLO

Por: _____
       Cristobalina Caraballo

Fecha: _____

1

RF
A.V.

AL FIRMAR ESTE CONVENIO, LOS DEMANDANTES Y DEMANDADOS RECONOCEN QUE LO HAN LEÍDO CUIDADOSAMENTE, LO ENTIENDEN Y QUE LO FIRMAN VOLUNTARIAMENTE POR SU PROPIO LIBRE ALBEDRÍO, SIN COACCIÓN O COERCIÓN, DESPUÉS DE LA DEBIDA CONSIDERACIÓN DE SUS TÉRMINOS Y CONDICIONES. LOS DEMANDANTES LOS DEMANDADOS ADEMÁS RECONOCEN QUE HAN HABLADO CON SUS ABOGADOS, ANTES DE FIRMAR ESTE CONVENIO, Y ESTÁN SATISFECHOS CON EL ASESORAMIENTO SE LES PROPORCIONÓ.

**ACEPTADO:**

| **ALVIN VASQUEZ** | **TLC TRANSPORTE CORP. DE WESTCHESTER** |
|---|---|
| Por: _____ | Por: _____[signature]_____ |
| Alvin Vasquez | Cristobalina Caraballo |
|  | Título: President |
| Fecha: _____ | Fecha: 8/20/18 |
| **RENE FERNANDEZ** | **CRISTOBALINA CARABALLO** |
| Por: _____ | Por: _____[signature]_____ |
| René Fernandez | Cristobalina Caraballo |
| Fecha: _____ | Fecha: 8/20/18 |

1

# ANEXO A

RF
A.V.

TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
DISTRITO SUR DE NUEVA YORK

ALVIN VASQUEZ y RENE FERNANDEZ, individualmente y en nombre de todos los demás en una situación similar,

            Demandantes,

-contra-

TLC TRANSPORTATION CORP. OF WESTCHESTER a/k/a TLC TRANSPORTATION CORP. y CRISTOBALINA CARABALLO,

            Demandados.

Número de expediente: 17 CV 09033

**ESTIPULACIÓN CONJUNTA Y ORDEN DE DESISTIMIENTO DE LA ACCIÓN**

POR MEDIO DEL PRESENTE SE ESTIPULA Y CONVIENE, por y entre las partes, y ordenado por el Tribunal, que:

(a) el acuerdo entre las partes, incluida la resolución de reclamaciones en virtud de la Ley de Normas Laborales Justas, es justo y razonable; y

(b) la acción arriba descrita y todas las causas de acción que fueron o podrían haber sido afirmadas en ella, incluidas todas y cada una de las reclamaciones conforme a la Ley de Normas Laborales Justas, se desestiman *con perjuicio de* conformidad con la Regla 41(a)(2) de las Reglas Federales de Procedimiento Civil y sin costos, desembolsos ni honorarios de abogados a ninguna parte.

| Fechado: _____, 2018 | Fechado: _____, 2018 |
|---|---|
| **MILLER LAW, PLLC** | **LITTLER MENDELSON, PC** |
| Por: Meredith R. Miller | Por: Daniel Gomez-Sanchez |
| 167 Madison Avenue, Suite 503<br>Nueva York, Nueva York 10016<br>(347) 878-2587 | 290 Broadhollow Road, Suite 305<br>Melville, Nueva York 11747<br>(631) 247-4700 |
| *Abogados para el demandante* | *Abogados para Demandados* |

ASÍ ORDENADO: _____

Hon. Lisa M. Smith

# ANEXO B

RF
A.V.

TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
DISTRITO SUR DE NUEVA YORK

| | |
|---|---|
| ALVIN VASQUEZ y RENE FERNANDEZ,<br><br>Demandantes,<br><br>-contra-<br><br>TLC TRANSPORTATION CORP. OF WESTCHESTER a/k/a TLC TRANSPORTATION CORP. Y CRISTOBALINA CARABALLO,<br>Demandados. | Número de expediente<br><br>**DECLARACIÓN JURADA DE CONFESIÓN DE SENTENCIA** |

ESTADO DE NUEVA YORK     )
                                              ) ss.:
CONDADO DE WESTCHESTER )

**CRISTOBALINA CARABALLO**, siendo debidamente juramentada, depone y dice:

1. Soy directora de la Demandada TLC Transportation Corp. of Westchester a/k/a TLC Transportation Corp. ("TLC").

2. Estoy debidamente autorizada para hacer esta declaración jurada de conformidad con la §3218 de la Ley y Reglas de Práctica Civil de Nueva York, en apoyo de la solicitud de los Demandantes para la admisión de una sentencia por confesión contra mí y TLC en la acción arriba descrita.

3. Firmo esta Confesión de Sentencia en nombre de TLC y en mi nombre.

4. Esta confesión de sentencia corresponde a una deuda adeudada a los Demandantes relacionada con cantidades vencidas adeudadas a los Demandantes por mí y TLC para liquidar las reclamaciones de los Demandantes por salarios, incluida la compensación de horas extras, conforme la Ley de Normas Laborales Justas y la Ley Laboral de Nueva York.

RF
A.V.

5. Alrededor de julio de 2018, TLC y yo celebramos un Convenio para pagar la suma total bruta de Cincuenta y Cinco Mil Dólares y Cero Centavos ($55,000.00) a los Demandantes a cambio de la renuncia y liberación de todas y cada una de las reclamaciones que tuvo el Demandante, o puede haber tenido contra TLC y Cristobalina Caraballo (colectivamente "Demandados") en la Acción titulada <u>Alvin Vasquez and Rene Fernandez v. TLC Transportation Corp. of Westchester and Cristobalina Caraballo</u>, que estaba pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York, donde se le asignó el Caso de Acción Civil Número 17 CV 09033.

6. De conformidad con los términos del Convenio, TLC y yo acordamos pagar un monto total de liquidación bruta de Cincuenta y Cinco Mil Dólares y Cero Centavos ($55,000.00) a los Demandantes, conforme a un plan de pago a plazos según lo establecido en el Convenio.

7. TLC y yo por la presente confesamos la sentencia mediante el presente y autorizamos su aplicación en favor de los Demandantes, por la cantidad de Cincuenta y Cinco Mil Dólares y Cero Centavos ($55,000.00), menos cualquier pago ya realizado por TLC conforme a dicho Convenio, más intereses calculados a una tasa del 7% a partir de la Fecha de Entrada en Vigor del Convenio tal como se define en el Convenio, y los honorarios y costos razonables de abogados incurridos en la presentación de la Sentencia por Confesión y los esfuerzos de cobranza incurridos después de la presentación de la Sentencia por Confesión.

8. TLC y yo por la presente renunciamos a todas las defensas procesales y sustantivas que podamos tener con respecto a la reclamación de los Demandantes por la cantidad de $55,00.00, menos cualquier pago hecho a los Demandantes de conformidad con el Convenio.

9. Por la presente declaro que entiendo que tras el incumplimiento por parte de TLC del Convenio y la falta de resolución del mismo, esta Confesión de Sentencia será admitida como un

RF
A.V.

juicio contra TLC y contra mí, y contra toda propiedad de TLC de cualquier tipo, en la que tiene algún interés de propiedad, y todos mis bienes de cualquier tipo, en los cuales tenga algún interés de propiedad.

10. Esta Confesión de Sentencia no tiene el propósito de asegurar a los Demandantes contra un pasivo contingente.

11. TLC y yo autorizamos que este juicio confesado sea presentado con el secretario de cualquier tribunal de jurisdicción competente.

Fechado: _____, Nueva York
_____, 2018

_____
Cristobalina Caraballo

ESTADO DE NUEVA YORK  }
                      } S.S.
CONDADO DE _____ }

El _____, 2018, ante mí personalmente vino Cristobalina Caraballo, conocida por mí y conocida por ser la persona descrita en, y quien firmó la Declaración Jurada anterior por Sentencia por Confesión, y debidamente reconocido por mí que ella la firmó.

_____
NOTARIO PÚBLICO

_____
TLC TRANSPORTATION CORP. OF WESTCHESTER
Por:
Título:

ESTADO DE NUEVA YORK  }
                      } S.S.
CONDADO DE _____ }

El _____, 2018, ante mí personalmente vino Cristobalina Caraballo y se reconoció a sí misma como directora de TLC Transportation Corp. of Westchester, y que estando autorizada para hacerlo, firmó la Declaración Jurada anterior por Sentencia de Confesión para los fines que allí figuran, firmando su nombre para TLC Transportation Corp. of Westchester.

_____
NOTARIO PÚBLICO

RF
A.V.

# ANEXO C

RF
A.V.